**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

  v.                                                                                               Case No. 21-CR-70

**DWIGHT CLAYTON,**

    **Defendant.**

**ORDER ON DEFENDANT CLAYTON'S MOTION
TO REOPEN DETENTION HEARING**

Dwight Clayton, who is detained pending trial on a two-count indictment charging him with conspiracy to distribute controlled substances and felon in possession, moves to reopen his detention hearing pursuant to 18 U.S.C. 3142(f). (Docket # 21.) The government has responded in opposition. (Docket # 23.)

After a defendant has been detained, a judicial officer may reopen the detention hearing if the judicial officer finds that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). At the original detention hearing, the government argued that Clayton should be detained based on his history of drug trafficking, a prior revocation, the weight of the evidence against him, a search of residence that yielded 2 kilograms of cocaine, body armor, a rifle, 32 kilogram wrappers,

and drug ledger totaling over $2 million, and because Clayton was not forthcoming with Pretrial Services in regards to his assets. (Docket # 8.) Clayton argued that he posed neither a danger nor risk of flight, that he was a lifelong residence of the community, owned his own business, and was amenable to any and all conditions of release as recommended by Pretrial Services. (*Id.*)

After considering the arguments of the parties, I found that although Clayton had rebutted the presumption, consideration of the 3142(g) factors counsel in favor of his detention. (*Id.*) Of note, I cited to his prior conviction in this district for a similar offense, his prior revocation, and that the current allegations concerned large amounts of controlled substances and money and a firearm. (*Id.*) On this record, I found that the government had met its burden in demonstrating that Clayton poses a danger to the community, warranting detention. (*Id.*)

In his motion to reconsider the detention order, Clayton renews his argument that he does not pose a danger to the community. (Docket # 21 at 3.) Clayton argues that there were no caches of guns or ammunitions found in his home. (*Id.* at 4.) Clayton further argues that he has no history of violence and no record of gun crimes. (*Id.*) Additionally, Clayton argues that he was not under supervision throughout the investigation and was only revoked once while on federal supervision for possession of marijuana; he asserts that after that revocation, he successfully completed an additional five years of supervision. (*Id.*) As to his personal characteristics, Clayton cites his strong community ties: his family, particularly the support of his sister and his mother who is willing to serve as a third party custodian, work and school history, he is the owner of a legitimate business, and he has no treatment needs. (*Id.* at 5–6.)

Finally, Clayton argues that his detention at Dodge County Detention Facility makes it more difficult to meaningfully participate in preparing his defense. (*Id.* at 6.)

Of Clayton's arguments or support for release, only two have not been previously addressed. First, Clayton has submitted character letters substantiating his family support, the legitimacy of his business, and his work ethic. While these letters are laudable, they do not compel reconsideration of the decision to detain Clayton. Second, as to Clayton's argument that detention compromises his ability to meaningfully assist in his defense, while Clayton's access to discovery and overall ability to assist in his own defense are paramount, they do not inform the question of whether he poses danger to the community. Ultimately, despite consideration of Clayton's positive characteristics, consideration of the factors under 3142(g)—specifically, the weight of the evidence, the nature of the alleged kilo-level drug offense, the alleged large amounts of money involved, the seizure of the firearm and body armor, Clayton's prior federal drug conviction, and supervised release revocation—taken together indicate a level of risk of danger to the community for which detention is warranted. Accordingly, Clayton's motion to reopen his detention hearing (Docket # 21) is hereby **DENIED**.

**SO ORDERED** this 12th day of July, 2021, at Milwaukee, Wisconsin.

NANCY JOSEPH
United States Magistrate Judge